FILED
CLERK, U.S. DISTRICT COURT
FEB 29 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUNO TOWA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RANDY HARL; MARK MATHEWS; DONNA MATLOCK; WILLBROS GROUP, INC.; HAL KVISLE; and TRANSCANADA CORP.;<br><br>　　　　Defendants. | Case No. CV11-10791-AHM (JCx)<br><br>**JUDGMENT IN FAVOR OF DEFENDANTS** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Judgment is awarded to Defendants Randy Harl, Mark Mathews, Donna Matlock, Willbros Group, Inc., Hal Kvisle, and TransCanada Corp., consistent with and pursuant to the attached order.

IT IS SO ORDERED.

Dated: Feb 29, 2012

A. Howard Matz
United States District Judge

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10791 AHM (JCx) | Date | February 29, 2012 |
|---|---|---|---|
| Title | BRUNO TOWA v. RANDY HARL, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

*Pro se* plaintiff Bruno Towa's suit names six defendants: Randy Harl, Mark Mathews, Donna Matlock, Hal Kvisle, Willbros Group, Inc., and TransCanada Corp. (Notice of Removal Ex. A at 9.) Defendants filed six separate motions to dismiss this case[1] and filed a joint motion for attorneys' fees and costs and to declare Towa a vexatious litigant.[2] For the reasons stated below, the Court GRANTS Defendants' motions to dismiss, GRANTS Defendants' motion to declare Towa a vexatious litigant, and GRANTS Defendants' motion for attorneys' fees and costs.

## I. BACKGROUND

On December 9, 2011, Towa filed this suit in state court. Towa's complaint alleges a single cause of action for breach of contract arising out of Defendants' alleged failure to honor an agreement to employ Towa. Defendants removed this action to federal court on December 29, 2011. Subsequently, Defendants filed the motions that are presently before this court. Towa has failed to file any opposition to Defendants' motions.

This is not Towa's first action arising out of this transaction. On three previous occasions, this Court dismissed nearly identical complaints filed by Towa against these

---

[1] Dkts. 5, 7, 9, 11, 13, 15

[2] Dkt 17.

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 7 |
|---|---|---|

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-10791 AHM (JCx) | Date | February 29, 2012 |
|---|---|---|---|
| Title | BRUNO TOWA v. RANDY HARL, et al. | | |

defendants. So this case is *"Towa IV."*

### 1. *Towa v. Harl,* CV09-8930-AHM-JC (*"Towa I"*)

On December 8, 2009, Towa filed a nearly identical lawsuit in federal court naming five of the six defendants who are named in the present case.[3] The Court dismissed Kvisle for lack of personal jurisdiction, dismissed TransCanada for failure to state a claim, and dismissed Harl and Matthews because corporate agents are not liable for a corporation's obligations. The Court also granted Willbros Group's motion to dismiss but gave Towa leave to amend as to that defendant. Towa failed to amend his complaint and the Court dismissed the entire case on July 29, 2010.

### 2. *Towa v. Harl,* CV10-9315-AHM-JC (*"Towa II"*)

Subsequently, on October 26, 2010, Towa filed another nearly identical lawsuit in state court. This time Towa named all six of the defendants who are named in this case. The defendants removed the case to this Court and moved to dismiss. After Towa failed to file any opposition to the defendants' motions to dismiss, the Court dismissed the case without leave to amend.

### 3. *Towa v. Harl,* CV11-4791-AHM-JC (*"Towa III"*)

Next, on May 10, 2011, Towa filed another nearly identical lawsuit in state court against the same six defendants. As before, the defendants removed the case and moved to dismiss. Again, Towa failed to oppose the motions and the Court dismissed the case. In dismissing the case, the Court warned Towa that if he "continues to pursue the same claims, he will be declared a vexatious litigant." (CV11-4791, Dkt. 24 at 2.)

## II. ANALYSIS

### 1. Motions to Dismiss

Towa has failed to oppose Defendants' motions to dismiss his current action. "The

---

[3] Donna Matlock was not named in December 8, 2009, case.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-10791 AHM (JCx) | Date | February 29, 2012 |
|---|---|---|---|
| Title | BRUNO TOWA v. RANDY HARL, et al. | | |

failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. In addition, the motions to dismiss appear meritorious on their face. Accordingly, the Court GRANTS Defendants' motions to dismiss, with prejudice.

    2.    **Motion to Certify Towa as a Vexatious Litigant**

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts have "the inherent power to enter pre-filing orders against vexatious litigants." *Molski v Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (internal citations omitted); Local Rule 83-8. Although pre-filing orders are an "extreme remedy that should rarely be used", "flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *Molski*, 500 F.3d at 1057 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990)).

Before entering a pre-filing order and declaring a party a vexatious litigant a district court must consider the *De Long* factors: the court must provide (1) notice and an opportunity to be heard, (2) an adequate record for review, (3) substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and (4) a narrowly tailored order. *Id.* (citing *De Long*, 912 F.2d at 9 1147–48).

The first three *De Long* factors are clearly met in this case. Defendants' motion provided Plaintiff with adequate notice and opportunity to be heard. The motion's proof of service indicates that it was mailed to Towa's address in Pasadena, California. This is the same address listed on Towa's state-court complaint. (*Compare* Notice of Removal Ex. A at 9 *with* Notice of Motion to Declare Plaintiff a Vexatious Litigant at 4.) Thus, there is no doubt that Plaintiff was given notice and an opportunity to oppose Defendants' motion. Moreover, in *Towa III* this Court warned Towa that he would be declared a vexatious litigant.

Part I of this order provides both an adequate record for review and the basis for finding harassment resulting from a deliberate, frivolous course of conduct. The record provided in Part I conclusively shows that Plaintiff has persisted in attempting to re-litigate a case that he has already lost three times. He has engaged in this conduct before

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10791 AHM (JCx) | Date | February 29, 2012 |
|---|---|---|---|
| Title | BRUNO TOWA v. RANDY HARL, et al. | | |

both federal and state courts and over a span of more than two years. His conduct has harassed Defendants by forcing them to bear the expense of defending repeated frivolous lawsuits.

The fourth *De Long* factor requires the Court to craft a narrowly tailored order. Accordingly, the Court declares Towa to be a vexatious litigant and imposes the following pre-filing requirement on Towa:

> Bruno Towa is required to submit for screening to a judge of this court any pleading that asserts a claim of an alleged breach by Randy Harl, Mark Mathews, Donna Matlock, Hal Kvisle, Willbros Group, and/or TransCanada Corp. of an agreement to employ him. Towa must also submit a copy of this order to the court and he must make an initial showing that his pleading does not assert the same allegations and causes of actions that have been previously adjudicated by this court.

*Towa I* was filed directly in this Court. In order to deter Towa from persisting in his disruptive, harassing, intentional abuse of court systems by filing yet another suit in state court, which defendants likely would seek to remove, the Court further orders that Towa attach this order to any such new complaint he attempts to file in state court. If Plaintiff nevertheless does file such an action in state court, Defendants shall not remove such frivolous complaint until and unless they first seek to have the complaint dismissed in state court by employing the procedures relating to vexatious litigation that are set forth in the California Code of Civil Procedure. *See* Cal. Code Civ. P §§ 391–391.7.

3. **Attorneys' Fees**

Defendants cite to *In re Peoro*, 793 F.2d 1048, 1051–52 (9th Cir. 1986), for the proposition that this Court has the authority to award attorneys' fees where a plaintiff repeatedly attempts to re-litigate a previously decided issue. *Peoro* applied 28 U.S.C. § 1927, which allows a court to tax attorneys' fees and costs against "[a]ny attorney or other person admitted to conduct cases in any court of the United States " who "multiplies the proceedings in any case unreasonably and vexatiously." The Ninth Circuit has held that § 1927 may be applied to a *pro se* litigant. *Wages v. I.R.S.*, 915

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10791 AHM (JCx) | Date | February 29, 2012 |
|---|---|---|---|
| Title | BRUNO TOWA v. RANDY HARL, et al. | | |

F.2d 1230, 1235 (9th Cir. 1990). Sanctions under § 1927 require a showing of bad faith. *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990).

In *Wages*, the Ninth Circuit affirmed a sanction under § 1927 against a *pro se* litigant who repeatedly attempted "to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim." *Wages*, 915 F.2d at 1235. The court held that this conduct evidenced bad faith. *Id.* Similarly, in this matter, this Court previously warned Towa to desist in pursuing the same already-adjudicated claims. (CV11-4791, Dkt. 24 at 2.) By filing another nearly identical complaint, that he knew would be removed to this Court, Towa unreasonably and vexatiously multiplied the proceedings and acted in bad faith.

Defendants' attorneys reasonably spent 6.7 hours in litigating this case. They request compensation at the rate of $425.00/hr. The Court finds that this rate is reasonable. Accordingly, the Court awards Defendants $2,847.50 in attorneys' fees (6.7 hrs x $425/hr). In addition, the Court awards Defendants collectively the $350.00 in costs they incurred in removing this case to federal court. Thus, Defendants are entitled to recover a total of $3,197.50 from Towa. If one or more Defendants executes on the judgment that will be entered, the maximum total amount subject to levy or execution shall be $3,197.50.

### III. CONCLUSION

The Court GRANTS Defendants' motions to dismiss. In addition, the Court GRANTS Defendants' motion to declare Towa a vexatious litigant. The Court applies the following pre-filing requirement to Towa:

> Bruno Towa is required to submit for screening to a judge of this court any pleading that asserts a claim of an alleged breach by Randy Harl, Mark Mathews, Donna Matlock, Hal Kvisle, Willbros Group, or TransCanada Corp. of an agreement to employ him. Towa must also submit a copy of this order to the court and he must make an initial showing that his pleading does not assert the same allegations and causes of actions that have been previously adjudicated by this court.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-10791 AHM (JCx) | Date | February 29, 2012 |
|---|---|---|---|
| Title | BRUNO TOWA v. RANDY HARL, et al. | | |

Furthermore, Towa must attach this order to any such new complaint he attempts to file in state court.

/ / /

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-10791 AHM (JCx) | Date | February 29, 2012 |
|---|---|---|---|

| Title | BRUNO TOWA v. RANDY HARL, et al. |
|---|---|

The Court GRANTS Defendants' motion for attorneys' fees and costs and awards Defendants a total of $3,197.50. Judgment will be entered consistent with this order.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

                                                           Initials of Preparer        SMO

cc: Civil Intake (Vexatious Litigant)